Judge Mills
delivered the opinion.
Jacob Bishong, assignee of George Bishong, brought his petition and summons in the court below, on a note in the following words: “I promise to pay, or cause to be paid, unto George Bishong, the sum of one hundred dollars, by the first of January next, for his son Jacob Bishong’s substituting me in my six months tour of duty now called on for this being the 20th of April, 1813. It is understood that Jacob Bishong is to have the monies arising from the governmental pay." The defendant pleaded in substance, “that said Jacob, named in the note, did not substitute the defendant for his six months tour of duty called on for, and referred to in said note.” The plaintiff replied, that he, said Jacob, was then and there ready and willing, and offered and tendered himself to substitute the defendant in said tour of duty, in said note specified, and said defendant refused to let, allow, or permit said Jacob to substitute him, said defendant.” The defendant rejoined that, “said Jacob did not tender himself at the time and place by him required, to substitute said defendant, and that said defendant did not refuse to let, allow, and permit said plaintiff, to enter himself a substitute for the defendant.” The issue being thus joined, a jury was sworn, who found a vedict for the plaintiff. The defendant moved for a new trial, which was overruled by the court below, and an exception was tendered to that opinion which spread the evidence upon the record. Judgment being rendered on the verdict, the defendant prayed an appeal, & now assigns for error, that the court erred in the opinions delivered and excepted to. No opinion is delivered by the court below, apparent on the record, and excepted to, except that overruling the motion for a new trial; and, of course, according to the rules of *522 this court, that is the only question which the court can consider. The plaintiff adduced three witnesses, who all strongly prove the tender to the defendant at the time of rendezvous, to substitute the plaintiff. The defendant adduced one witness, who disproved strongly some facts proved by one of the plaintiff’s witnesses. But the others are unimpeached. The witness of the defendant only conduces to prove, that the plaintiff did not tender his services to the captain, while the evidence remains unshaken that the tender was made to the defendant himself. A court of original jurisdiction ought not to grant a new trial when there is conflicting evidence, except the weight of evidence clearly preponderates against the verdict. For the jury who are the peculiar judges of fact, are entitled to decide upon the evidence, and it is not enough that the court below, would have rendered a different verdict. In this case, therefore, the new trial was properly overruled, especially as the weight of evidence, however strong the conflict between two of the witnesses may appear, still remained in favor of the plaintiff. The judgment must, therefore, be affirmed, with damages and costs.
Where there is conflicting evidence, the court below should not grant a new trial, unless the testimony greatly preponderates against the verdict, it is not enough that the court would have found a different verdict.
Crittenden for appellant, Pope for appellee.